IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DOUGLAS PORTERO                    :

                                     :

    v.                             :   Civil Action No. DKC 14-2108

                                       :

SADI MAHMOUD ABUOBAID, ET AL.      :

                                       :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this Fair Labor Standards Act ("FLSA") case is the parties' request to approve their settlement as fair and reasonable. Because the proposed settlement represents a fair and reasonable resolution of a *bona fide* FLSA dispute, the settlement will be approved.

**I.     Background**

Plaintiff filed this complaint on June 30, 2014, seeking just over $9,000 in unpaid overtime wages, plus liquidated damages under federal and Maryland law, along with attorney's fees, costs and interest.   Defendants answered and counterclaimed on October 10, 2014, denying that Plaintiff was an employee entitled to overtime, contending instead that he was an independent contractor that actually owed them for costs of repair and other damages.   A scheduling order was entered.   On January 9, 2015, prior to the end of the discovery period, the parties filed a stipulation of dismissal.   Upon inquiry from the

court, the parties advise that they reached a settlement prior
to incurring significant costs of discovery.  As outlined in
their submission, both the legal and factual issues were
contested, making the outcome uncertain for both sides, and both
sides were represented by counsel.  Although they did not submit
a written settlement agreement to the court, the letter sets
forth the significant terms.

## II.    Analysis

Because Congress enacted the FLSA to protect workers from
the poor wages and long hours that can result from significant
inequalities in bargaining power between employers and
employees, the statute's provisions are mandatory and, except in
two narrow circumstances, are generally not subject to
bargaining, waiver, or modification by contract or settlement.
*See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945).
First, the Secretary of Labor may supervise the payment of back
wages to employees, who waive their rights to seek liquidated
damages upon accepting the full amount of the wages owed.  *See*
29 U.S.C. § 216(c).  Under the second exception, a district
court can approve a settlement between an employer and an
employee who has brought a private action for unpaid wages
pursuant to Section 216(b), provided that the settlement

2

reflects a "reasonable compromise of disputed issues" rather than "a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982).

Although the Fourth Circuit has not directly addressed the factors to be considered in deciding motions for approval of such settlements, district courts in this circuit typically employ the considerations set forth by the Eleventh Circuit in *Lynn's Food Stores*. *See, e.g.*, *Hoffman v. First Student, Inc.*, No. WDQ-06-1882, 2010 WL 1176641, at *2 (D.Md. Mar. 23, 2010); *Lopez v. NTI, LLC*, 748 F.Supp.2d 471, 478 (D.Md. 2010). Pursuant to *Lynn's Food Stores*, an FLSA settlement generally should be approved if it reflects "a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Lynn's Food*, 679 F.2d at 1355. Thus, as a first step, the *bona fides* of the parties' dispute must be examined to determine if there are FLSA issues that are "actually in dispute." *Lane v. Ko-Me, LLC*, No. DKC-10-2261, 2011 WL 3880427, at *2 (D.Md. Aug. 31, 2011) (*citing Dees v. Hydradry, Inc.*, 706 F.Supp.2d 1227, 1241-42 (M.D.Fla. 2010)). Then, as a second step, the terms of the proposed settlement agreement must be assessed for fairness and reasonableness, which requires weighing a number of factors,

3

including:  "(1) the extent of discovery that has taken place;
(2) the stage of the proceedings, including the complexity,
expense and likely duration of the litigation; (3) the absence
of fraud or collusion in the settlement; (4) the experience of
counsel who have represented the plaintiffs; (5) the opinions of
[] counsel . . .; and (6) the probability of plaintiffs' success
on the merits and the amount of the settlement in relation to
the potential recovery." *Lomascolo v. Parsons Brinckerhoff,
Inc.*, No. 08-cv-1310, 2009 WL 3094955, at *10 (E.D.Va. Sept. 28,
2009) (collective action); *see also Poulin v. Gen. Dynamics
Shared Res., Inc.*, No. 09-cv-00058, 2010 WL 1813497, at *1 n.1
(W.D.Va. May 5, 2010) (applying the same factors to a settlement
that involved only individual FLSA claims).

### A. *Bona Fide* Dispute

"In deciding whether a *bona fide* dispute exists as to a
defendant's liability under the FLSA, courts examine the
pleadings in the case, along with the representations and
recitals in the proposed settlement agreement." *Amaya v. Young
& Chang, Inc.* Civil Case No. PWG-14-749, 2014 WL 3671569, at *2
(D.Md. July 22, 2014).  The pleadings, along with the parties'
representations in court filings, establish that a *bona fide*
dispute exists as to Defendants' liability under the FLSA for

overtime payments, and indeed, whether Plaintiff might have owed money to Defendants.

### B. Fairness & Reasonableness

Upon review of the parties' submissions and after considering the relevant factors enumerated by the *Lomascolo* court, the Settlement appears to be a fair and reasonable compromise of the parties' *bona fide* dispute.  The parties agreed to settle at a very early stage of the proceedings, specifically to avoid the costs of discovery.  Additionally, there is no evidence that the proposed Settlement is the product of fraud or collusion.  The Settlement Agreement is the product of negotiations between parties represented by counsel.  The amount of the settlement exceeds the basic overtime wages sought by Plaintiff in his complaint, although not the liquidated damages or other amounts sought.  The Settlement resolves all disputes between the parties and contains mutual non-disparagement provisions.

### III.   Conclusion

For the foregoing reasons, by separate order, the request to approve the Settlement Agreement will be granted.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge

5